**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO**

Civil Action No. 1:17-cv-02635-MSK

BRUCE CASIAS,

Plaintiff,

v.

RAYTHEON COMPANY, Raytheon Information Systems Company
and/or its business division; Intelligence, Information and Services,

Defendant.

_____

**PLAINTIFF'S MEMORANDUM ON
NONSTIPULATED – COMPETING JURY INSTRUCTIONS**
_____

| **Pltf. No.** | **Title** |
|---|---|
| NonStip 1 | Adverse Inferences from Defendant's Destruction of Documents |
| NonStip 2 | Punitive Damages |
| NonStip 3 | Reasonable Doubt |
| NonStip 4 | Jury Verdict Form |
|  |  |
| COMP – 1 | Protected Activity |
| COMP – 2 | Adverse Employment Action |
| COMP – 3 | Contributing Factor |
| COMP – 4 | Retaliation in Violation of the Defense Contractor Whistleblower Protection Act |
| COMP – 5 | Damages  (OMIT TERMINATION SEE IF CAN AGREE) |
| COMP- 6 | Verdict Form |
|  |  |
| Defendant | Use of Deposition |
| Defendant | Constructive Discharge |

1

| Defendant | Business Judgment |
|-----------|-------------------|
| Defendant | Back Pay          |

Plaintiff, by and through his undersigned counsel hereby submits its Memorandum supporting the Court's utilization of Plaintiff's Non-Stipulated and Competing Jury Instructions in this matter and objecting to Defendant's Nonstipulated Jury Instructions upon the grounds set forth below:

## PLAINTIFF'S NON-STIPULATED INSTRUCTIONS:

**Adverse inferences:**   Plaintiff's Exhibit 11 is Defendant's email policy which specifies that Def's policy is that emails are automatically purged from their system after 30 days and are not recoverable. During discovery, Plaintiff requested emails which Raytheon responded did not exist because of this policy.

**Punitive damages:**   Plaintiff's version as proposed was the same instruction that was given in the Cejka case, which includes the statutory language included in 10 U.S.C. § 2409 and is supported by Colorado Judicial Institute and case law.

**Reasonable Doubt:**   Plaintiff's version as proposed was the same instruction that was given to the jury in the Cejka case and should be given as propounded if the Court decides that punitive damages are recoverable by Plaintiff.

**Jury Verdict Form:**        Plaintiff feels this is necessary to be read to the jury giving notice to the verdict form as a separate document for attention – rather than just noting the instructions to the jury.

## PLAINTIFF'S COMPETING INSTRUCTIONS

**Protected Activity:**   Plaintiff's instruction tracks the exact verbage of the statute (10 U.S.C. § 2409) so as not to be interpreted or misconstrued as is Defendant's. Again, this instruction was used in  *Cejka v. Vectrus Sys. Corp., 292 F.Supp 3d 1175 (D. Colo. 2018)* case where one of the Plaintiff's claims dealt with the same statute.

**Adverse Employment Action:**   As cited in the source; Plaintiff's instruction sets forth what the Court found happened to Plaintiff when he was reassigned (Judge Kriegers' Order DKT #46) and is supported by case law cited therein.

**Contributing Factor:**        Plaintiff's instruction tracks the exact verbage of the statute (10 U.S.C. § 2409) so as not to be interpreted or misconstrued as is Defendant's. Again, this instruction was used in  *Cejka v. Vectrus Sys. Corp., 292 F.Supp 3d 1175 (D. Colo. 2018)* case where one of the Plaintiff's claims dealt with the same statute.

**Retaliation in Violation of the Defense Contractor Whistleblower Protection Act:**

Plaintiff's instruction tracks the exact verbage of the statute (10 U.S.C. § 2409) so as not to be interpreted or misconstrued as is Defendant's. Again, this instruction was used in  *Cejka v. Vectrus Sys. Corp., 292 F.Supp 3d 1175 (D. Colo. 2018)* case where one of the Plaintiff's claims dealt with the same statute.

**Damages**   Plaintiff's instruction tracks the verbage of the statute (10 U.S.C. § 2409) so as not to be interpreted or misconstrued as is Defendant's. Again, this instruction was used in *Cejka v. Vectrus Sys. Corp., 292 F.Supp 3d 1175 (D. Colo. 2018)* case where one of the Plaintiff's claims dealt with the same statute.

**Verdict Form:**   Plaintiff's proposed version is short and written in simple to allow jurors to make their decision and decide the ultimate issue- was Mr. Casias retaliation against by Raytheon, not be confused by each and every separate element or criteria which together proves Plaintiff's claim of retaliation under the Defense Contractor Whistleblower Protection Act.

### DEFENDANT'S NONSTIPULATED INSTRUCTIONS:

**Use of Depositions:**   There will be no deposition testimony in this case because the only deposition taken was for the Plaintiff – who will be providing live testimony.  Deposition would only be used for impeachment.

**Constructive Discharge:** This is not a constructive discharge case.  Constructive discharge was dismissed by Judge Krieger in granting Defendant's Fed R. Civ. P. 12(c) Motion to Dismiss.

**Business Judgment:**   As proposed it is not an accurate statement of the law in the 10th Circuit.  Should the Court decide to give this instructions, Plaintiff asserts the following needs to be inserted at the end "In evaluating Defendant's asserted business judgment you must examine whether business judgment was truly employed or whether it was merely used as a pretext to cover up for retaliation or other illegal act"

**Back Pay:**   Again, since this is not a constructive discharge case, there is no back pay claim against Defendant.  This instruction is not needed.

Respectfully submitted this 18th day of October, 2019.

LAW OFFICE OF RALPH G. TORRES

\_\_\_\_/s Ralph G. Torres _____
Ralph G. Torres, #4014
1801 Broadway, Suite 1400
Denver, Colorado 80202
Phone: 303-297-8427
*RGTorres99@aol.com*

### CERTIFICATE OF SERVICE

The undersigned does hereby certify that on this 18th day of October, 2019, I caused a

true and correct copy of the foregoing *Plaintiff's Memorandum for Proposed Jury Instructions and Verdict Form – NonStipulated and Competing* to be filed via the Court's Electronic Case Filing (ECF) system and therefore served on the following counsel of record:

Austin E. Smith
Raul Chacon, Jr.
OGLETREE DEAKINS, NASH SMOAK & STEWART, P.C.
2000 South Colorado Boulevard
Tower 3, Suite 900
Denver, Colorado 80222
Austin.smith@ogletree.com
Raul. Chacon@ogletree.com

         ____/s Deborah Elmore, Paralegal _____
         LAW OFFICE OF RALPH G. TORRES