**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-02635-REB-SKC

BRUCE CASIAS,

    Plaintiff,

v.

RAYTHEON COMPANY, RAYTHEON INFORMATION SYSTEMS COMPANY and/or its business division: INTELLIGENCE, INFORMATION, AND SERVICES,

    Defendant.

---

**DEFENDANT RAYTHEON COMPANY'S
MOTION FOR JUDGMENT AS A MATTER OF LAW**

---

Defendant, Raytheon Company ("Raytheon"), by and through its undersigned counsel, pursuant to Rule 50(a), Fed. R. Civ. P., hereby submits its Motion for Judgment as a Matter of Law, stating as follows:

**I.    Introduction**

Plaintiff, Bruce Casias ("Casias"), maintains a single claim based on his alleged demotion under the Defense Contractor Whistleblower Protection Act ("DCWPA"). But, Plaintiff has failed to produce <u>any</u> evidence establishing his alleged protected conduct was a contributing factor in any adverse employment action taken against him by Raytheon. Even considering the evidence presented at trial in the light most favorable to Casias, judgment as a matter of law is appropriate because he has offered <u>no evidence</u> to establish he was demoted or that a causal connection exists between his alleged protected activity on November 17, 2015 and his reassignment announced on

May 16, 2016. Moreover, Casias repeatedly testified that he believes he was reassigned because Raytheon sought to make him a scapegoat for previously reporting false information to the United States Air Force, but he has not presented any evidence showing his reassignment was related to his ethics concerns six months earlier. Raytheon is entitled to judgment as a matter of law because the evidence so overwhelmingly supports Raytheon's position that no reasonable inferences may be drawn to sustain Casias' claim that Raytheon retaliated against him in violation of the DCWPA.

## II.     Legal Standard

A post-evidentiary motion for judgment as a matter of law under Fed. R. Civ. P. 50(a) is governed by the same standard as that used to determine motions for summary judgment under Rule 56(a). *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000). Motions under this rule "should be cautiously and sparingly granted." *Lucas v. Dover Corp.*, 857 F.2d 1397, 1400 (10th Cir. 1988) (citations omitted). "[A]lthough the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves*, 120 S.Ct. at 2110. The court may not pass judgment on the credibility of witnesses or substitute its judgment for that of the jury. *Id.*; *see also Hinds v. General Motors Corp.*, 988 F.2d 1039, 1045 (10th Cir. 1993). Judgment as a matter of law is appropriate "only where the proof is all one way or so overwhelmingly preponderant in favor of the movant so as to permit no other rational conclusion." *Hinds*, 988 F.2d at 1045.

## III.    Law and Argument

Casias' single claim under the DCWPA, alleging his reassignment on May 16, 2016 was a demotion and in retaliation for engaging in conduct protected by the DCWPA, fails as a matter of law. To establish a *prima facie* DCWPA claim, Casias must prove: (1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) his protected activity was a contributing factor in the adverse employment action. *See Cejka v. Vectrus Sys. Corp.*, 292 F. Supp. 3d 1175, 1192 (D. Colo. 2018); *United States ex rel. Cody v. Mantech Int'l Corp.*, 207 F. Supp. 3d 610 (E.D. Va. 2016). Casias' claim fails as a matter of law because he did not suffer an adverse employment action, and his claimed protected activity was not a contributing factor in any adverse employment action (because there was none, and he has not offered any evidence to show there was one during his case-in-chief).

### A. Casias Did Not Suffer an Adverse Employment Action Because He Was Not Demoted.

The only adverse employment action Casias claims he suffered is based on Raytheon's decision to reassign him on May 16, 2016, which Casias characterizes as a demotion. But, Casias' reassignment was not a demotion. His reassignment was nothing more than that – a reassignment to different duties within the same program, for which he suffered no change in pay, benefits, job title, work location, work conditions, or opportunities for advancement. Raytheon increased Casias' pay in March 2016 to $174,699.20 per year. After his reassignment, Casias continued to make $174,699.20 per year. He continued to work on the GPS OCX Program and reported to Joseph Hollon. The only aspect of Casias' work he claims changed was the number of people reporting to him, and a mere change in the number of individuals reporting to him is not

3

a demotion, as a matter of law.

Although the DCWPA, under 10 U.S.C. § 2409(a), protects employees who are "discharged, demoted or otherwise discriminated against", no evidence shows Raytheon actually demoted Casias.  The Tenth Circuit has held, "we will not consider a mere inconvenience or an alteration of job responsibilities to be an adverse employment action."  *Sanchez v. Denver Pub. Schs.*, 164 F.3d 527, 532 (10th Cir. 1998).  In *Sanchez*, the Tenth Circuit affirmed the District Court's finding that a school teacher was not demoted when she was involuntarily transferred to another teaching position, required to teach a different grade, experienced an increased commute time based on the transfer, and experienced personal discomfort as a result of the transfer.  *Id.*  The Tenth Circuit observed that the plaintiff in *Sanchez* did not experience any change in pay or benefits, she continued to teach at the elementary school level, and, as a result, her reassignment was a lateral transfer and not a demotion.  *Id.*

Similar to the plaintiff in *Sanchez*, Casias has not presented any evidence showing his reassignment was a demotion.  Much like the teacher in *Sanchez*, Casias testified he continued to work as a Senior Test Engineer, continued to work on the GPS OCX Program, had no change in job title or grade, and had no change in pay or benefits.  Moreover, other aspects of Casias' job duties were unaffected by his reassignment – he continued to report to Hollon, he continued to work at the Aurora, Colorado facility, and he remained eligible for the same opportunities for career advancement.  Under these circumstances, no reasonable employee could have found the reassignment materially adverse.  *See Burlington N. & Santa Fe Ry. Co.*, 548 U.S.

53, 68 (2006) (holding in a retaliation case, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse."). <u>Casias' sole contention, that the number of individuals reporting to him decreased, is insufficient to constitute a demotion</u>. *See, e.g.*, *Craven v. Texas Dept. of Criminal Justice-Institutional Div.*, 151 F. Supp.2d 757, 767 (N.D. Tex. 2001) ("Most cases addressing whether a lateral transfer constitutes an adverse employment action . . . have concluded that it does not, often despite differences between the two positions" (*citing Sims v. Boeing Co.*, 215 F.3d 1337, 2000 WL 633228, at *1 (10th Cir. 2000)); *Wheeler v. BNSF Ry. Co.*, 418 Fed. App'x 738, 2011 WL 1226935, at *7 (10th Cir. 2011) ("the fact that the employee views the transfer as either positively or negatively does not of itself render the denial or receipt of the transfer an adverse employment action."); *Flaherty v. Gas Research Inst.*, 31 F.3d 451, 457 (7th Cir. 1994) (finding no adverse action based on reassignment when the plaintiff perceived the reassignment to be personally humiliating, he was required to report to a former subordinate, and his title was changed based on undisputed evidence that he did not suffer any loss in salary, benefits and level of responsibility). Because Casias has presented no evidence demonstrating his reassignment constitutes a demotion and has presented no other evidence showing he suffered an adverse employment action, his DCWPA claim is without merit.

**B. Casias' Alleged Protected Activity Was Not a Contributing Factor in Raytheon's Decision to Reassign Him.**

There was no causal connection between Casias' alleged protected activity on November 17, 2015 and Raytheon's decision to reassign him six months later – and Casias has not presented any evidence of one. As a result, even if Casias'

5

reassignment could constitute a demotion, his DCWPA claim still fails as a matter of law. The DCWPA expressly incorporates the "legal burdens of proof specified in section 1221(e) of title 5." 10 U.S.C. § 2409(c)(6). 5 U.S.C. § 1221(e), in turn, requires that an employee show his protected activity was a "contributing factor" in an adverse employment action taken against him. *See* 5 U.S.C. § 1221(e).

Even assuming Casias' reassignment could constitute a demotion, which it cannot, Casias has not presented any evidence that his reassignment was related in anyway whatsoever to his report on November 17, 2015. Casias testified that after he reported alleged unethical conduct in November 2015, he was complicit in Raytheon's alleged unlawful and unethical conduct by reporting false information to the Air Force. Casias did not provide any evidence that Raytheon reassigned him on May 16, 2016 based on his prior ethics complaint six months earlier – instead, he testified that he believed Raytheon made him the scapegoat for following its direction to provide false information in reports. Critically, Casias has presented no evidence establishing his ethics report was a contributing factor in Raytheon's decision to reassign him on May 16, 2016, and as a result, his DCWPA claim fails as a matter of law.

Pursuant to 5 U.S.C. § 1221(e), an employee asserting retaliation can show his protected activity was a "contributing factor" in an adverse employment action by showing that: (a) the official taking the adverse action knew of the disclosure of the protected activity; and (b) the adverse action occurred within a period of time such that a reasonable person could conclude that the disclosure or protected activity was a contributing factor in the adverse action. *Id.* Casias has presented no evidence to

satisfy either prong.

Casias failed to show the official responsible for his reassignment knew he engaged in any protected activity because he could not even identity of such official. Indeed, Casias offered no evidence in his case-in-chief establishing the identity of the individual responsible for his reassignment.  Moreover, Casias has presented no evidence establishing when the decision to reassign him was made, what factors were considered, who was consulted in making the decision, or whether Raytheon's Human Resources had to be consulted.  Casias testified at trial as follows:

> Q. And you don't know who made the decision to reassign you from one role to the other, do you?
>
> A. Other than Joe Hollon, no.
>
> Q. And you don't know who else he may have discussed it with?
>
> A. I do not.
>
> Q. You don't know when that decision was actually made?
>
> A. When Joe Hollon told me that was the day that I knew about the decision.
>
> Q. But you don't know when Mr. Hollon, or whoever the decision maker was, made the decision to move you from one from to another?
>
> A. No there's know way I would ever know that.
>
> Q. And you don't know the considerations that the decision maker was, whoever it was, considered when that decision was made do you?
>
> A. No.
>
> Q. And you don't know one way or the other whether the person who actually decided to reassign you knew you had made

any complaint at that time, do you?

A.   I wouldn't know because I don't know who that person was.

Under these circumstances, Casias has not established the official taking any adverse employment action against him knew of his protected activity.

But even if Casias could establish that the person responsible for the decision to reassign him was aware of his protected conduct, the temporal gap between his protected activity on November 17, 2015 and Raytheon's announcement to Casias that it was reassigning him on May 16, 2016 is fatal to his claim.  During that six-month period, the facts are contrary to any inference of causation.  Courts have noted that "the causal connection may be severed by the passage of a significant amount of time, or by some legitimate intervening event."  *United States ex rel. Cody v. Mantech Int'l Corp.*, 207 F. Supp. 3d 610, 624 (E.D. Va. 2016); *accord Cejka v. Vectrus Sys. Corp.*, 292 F. Supp. 3d 1175, 1194 (D. Colo. 2018) (*quoting Cody*).  In such circumstances, the employee is required to come forward with additional evidence of causation.  *See Lockheed Martin Corp. v. Admin. Review Bd., U.S. Dept. of Labor*, 717 F.3d 1121, 1136 (10th Cir. 2013) (applying a similar "contributing factor" analysis from the Sarbanes-Oxley Act's anti-retaliation provision).  In considering the lapse of time between Casias' protected activity on November 17, 2015 and his reassignment on May 16, 2016, other factual circumstances must be considered in determining whether causation can be inferred. *See Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 1003 (9th Cir. 2009) (*cited in Lockheed*) ("a specified time period cannot be a mechanically applied criterion, and [we] have cautioned against analyzing temporal proximity without regard to its factual

setting").

Here, the evidence presented by Casias shows that six months elapsed between his protected activity and his reassignment. As a result, no reasonable person could conclude that the alleged protected activity was a contributing factor in Raytheon's decision to reassign him. Moreover, the evidence establishes that during this six-month lapse, Raytheon gave him a raise, effective March 26, 2016, thus further undercutting any inference of causation. Similarly, Casias established that after his November 2015 disclosure, Raytheon did not take <u>any</u> steps to discipline him, whether by issuing him a performance improvement plan or otherwise, and did not threaten or imply his employment was at risk. Under these circumstances, Casias has presented no evidence to establish his protected activity was a contributing factor in Raytheon's decision to reassign him and this Court should enter judgment as a matter of law in Raytheon's favor.

**IV.   Conclusion**

For all the reasons stated herein, and based on the evidence admitted at trial during Casias' case-in-chief, Raytheon respectfully requests the Court enter judgment as a matter of law in Raytheon's favor.

Respectfully submitted this 19th day of November, 2019.

        OGLETREE, DEAKINS, NASH, SMOAK &
        STEWART, P.C.

        *s/ Raul Chacon, Jr.*
        Austin E. Smith
        Raul Chacon, Jr.
        2000 S. Colorado Blvd.
        Tower Three, Suite 900
        Denver, CO  80222
        Telephone:  303.764.6800
        Facsimile:    303.831.9246
        austin.smith@ogletree.com
        raul.chacon@ogletree.com

        *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 19th day of November, 2019, I electronically filed the foregoing **DEFENDANT RAYTHEON COMPANY'S MOTION FOR JUDGMENT AS A MATTER OF LAW** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

  Ralph G. Torres, Esq.
  rgtorres99@aol.com

  ATTORNEY FOR PLAINTIFF

              *s/ Linda R. Kerman*
              Linda R. Kerman, Paralegal