## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-02635-REB -SKC

BRUCE CASIAS,

    Plaintiff,

v.

RAYTHEON COMPANY,

    Defendant.

_____

### PLAINTIFF'S OPPOSED MOTION FOR ATTORNEY FEES
_____

    Plaintiff, by and through his undersigned counsel hereby files his Motion for Attorney Fees pursuant to this Court's Order of September 23, 2020, Dkt #115 as follows:

### Conferral pursuant to D.C.COLO. LCivR 7.1

    Plaintiff's counsel conferred with Raul Chacon of Defendant's counsel on October 15th and 28th, 2020 who indicated he would oppose this Motion.

    Plaintiff filed his Complaint on November 3, 2017 alleging 6 claims for relief: The Court's Order for Judgment on the Pleadings #28 – dismissed all claims except Plaintiff's Claim for violations under 10 U.S.C. Sec. 2409 (DCWPA) and Claim VI – discrimination under U.S.C. Sec. 1981. On March 13, 2019, this Court's Order for Summary Judgment left Plaintiff's Claim for violations under 10 U.S.C. Sec. 2409 (DCWPA). Therefore, Plaintiff's counsel and the paralegal have proportionately divided their total time for the work on the claims that remained at each point in time.

The undersigned hereby states that the itemization of hours and fees expended on this matter is accurate and true to the best of my knowledge. *(See Exhibit 1 attached)* Such fees are reasonable under the lodestar standard as the Court held in CINEMAPUB, LLC d/v/a BREWVIEWS f. SALVADOR D. PETILOS, et al., 2018 WL 4621759 D. Utah, citing *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997).

Plaintiff's counsel had a mixed fee agreement with Plaintiff in this matter. Counsel's hourly rate is more than reasonable based on the prevailing rate for attorneys in this area as attested to in the attached affidavits of Joan Bechtold and Mari Newman. In fact the hourly rate he is claiming is low when considering his forty-seven (47) years of experience in handling and trying employment cases and comparing Raytheon's representation by a national firm which included two full-time attorneys and a paralegal billing from the inception through trial. Plaintiff's counsel surmises that Raytheon's fees must have been twice as much, if not more, as compared to what Plaintiff incurred in this matter and for which he is requesting an award for reimbursement in the amount of **$93,532.50**.

By the Court reviewing the hourly itemization and description of services the paralegal for Plaintiff performed in this matter, *(See Exhibit 2 attached)* such can be compared to the quality and experience of an associate in most law firms. Plaintiff counsel's utilization of Deborah Elmore as the paralegal in this case, (to a large extent for all key matters of research, consultation and drafting), Plaintiff benefitted by the greatly reduced hourly paralegal rate as compared to another associate attorney. This cost savings approach of extensive paralegal utilization is now a benefit of which Defendant will enjoy by this Court's award of the total amount claimed in *Exhibit 2* of **$92,095.33**.

Most notably this Court should consider the outstanding result obtained in this case by Plaintiff's counsel when determining an award for the attorney fees claimed.  A jury returned a verdict of one million forty-three thousand dollars ($1,043,000.00) for the Plaintiff with the remaining claim.  Plaintiff's counsel had to withstand numerous filings by Defendant, including a Motion to Dismiss and Motion for Summary Judgment before getting this case to trial.  Classic defense tactics of running up the tab for Plaintiffs with excessive court motion filings should not be rewarded by diminishing Plaintiff's fees requested herein.

Respectfully submitted this 30th day of October, 2020.

>                    LAW OFFICE OF RALPH G. TORRES
>                    _/s Ralph G. Torres_____
>                    Ralph G. Torres
>                    1801 York Street
>                    Denver, Colorado 80206
>                    *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October, 2020, I electronically filed the foregoing with the Clerk of the Court utilizing its online ECF/CM filing system which will send notification of such filing to the counsel of record for the parties at the follow e-mail addresses:

Raul Chacon, Jr.
OGLETREE DEAKINS, NASH SMOAK & STEWART, P.C.
2000 South Colorado Boulevard
Tower 3, Suite 900
Denver, Colorado 80222
Raul. Chacon@ogletree.com

David L. Schenberg
OGLETREE DEAKINS, NASH SMOAK & STEWART, P.C.
7700 Bonhomme Ave., Suite 650
St. Louis, MO 63105
*David.schenberg@ogletree.com*

3


Ron Chapman, Jr.
OGLETREE DEAKINS, NASH SMOAK & STEWART, P.C.
8117 Preston Road, Suite 500
Dallas, TX 74225
*Ron.chapman@ogletree.com*

/s Deborah Elmore, paralegal